**PHILIP J. KAPLAN (State Bar No. 135735)**
**philipkaplanlaw@gmail.com**
**LAW OFFICES OF PHILIP J. KAPLAN**
3278 Wilshire Blvd., Suite 106
Los Angeles, California 90010
Telephone: (213) 480-8981

Attorney for Plaintiff
BARRY HUNT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY HUNT, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; DEPUTY NEALLO, an individual; and DOES 1-5, inclusive, <br><br> Defendants. | Case No.: 2:21-cv-00607 <br><br> **COMPLAINT FOR DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. SECT. 1983 AND FOR NEGLIGENCE** <br><br><br> **DEMAND FOR JURY TRIAL** |

Complaint
Case No. 2:21-cv-00607

Plaintiff Barry Hunt (hereinafter "Plaintiff") hereby alleges as follows:

**PARTIES**

1.    Plaintiff alleges that Defendant County of Riverside (hereinafter sometimes "County") provides law enforcement through the Riverside County Sheriff's Department's "Corrections Operations" Division, which operates the Larry D. Smith Correctional Facility ("Smith Correctional") located in the County of Riverside, California.

2.    Plaintiff alleges that Defendant Riverside County Sheriff's Department (hereinafter sometimes "Riverside Sheriff's") is, and at all relevant times was, the employer for the individual deputies/correctional officers involved in the incident in suit, assigned to Smith Correctional, and which operated, at all material times, Smith Correctional.

3.    Plaintiff is informed and believes and thereon alleges that Defendant Deputy Neallo is, and all relevant times was, an "employee" of Defendant Riverside Sheriff's in accordance with California Government Code Section 810.2 with the rank of "Deputy", and a "person" acting under the color of law within the meaning of 42 U.S.C. Section 1983.

4.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 5, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's damages as alleged were proximately and legally caused by the Defendants' conduct.  At all times material herein, each Defendant was the agent, servant and employee of each of the remaining Defendants, and acting within the purpose, scope and course of said Agency, service and employment, with the express and/or implied knowledge, permission and consent of the remaining Defendants, and each of them, and each of said Defendants ratified and

Complaint
Case No. 2:21-cv-00607

approved the acts of Defendants.

## JURISDICTION/VENUE

5.     Jurisdiction of this court is founded upon 42 U.S.C. Section 1983. This court has pendent jurisdiction over the California State law claims, pursuant to 28 U.S.C. § 1367.  Venue is proper pursuant to 28 U.S.C. § 1400(a), because the defendants or their agents reside or may be found within this district and because defendants transact business, including the alleged tortious acts, within this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.     Plaintiff has exhausted his administrative remedies by timely filing governmental tort claims in accordance with California Government Code Section 910 et seq.  Notice of rejection by the Clerk of the Board of Supervisors, on behalf of County of Riverside, was served by mail, dated August 6, 2020.  This action was timely filed in accordance with California Government Code Section 945.6.

## FIRST CAUSE OF ACTION FOR DAMAGES FOR
## DEPRIVATION OF CIVIL RIGHTS UNDER
## 42 U.S.C. SECTION 1983

**(Against All Defendants – Fourteenth Amendment of United States Constitution)**

7.     Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

8.     Plaintiff alleges that, at all material time, he was a pretrial detainee and possessed the right, guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution, to be free from punishment prior to an adjudication of guilt.  Plaintiff further alleges that Defendants/Deputies had knowledge, at all relevant times, of the above right under the Constitution.

9.     On or about February 6, 2020, Plaintiff was arrested and, thereafter,

Complaint
Case No. 2:21-cv-00607

held at Smith Correctional.

10. On or about February 7, 2020, due to a medical emergency, Plaintiff required transport from Smith Correctional to Moreno Valley Hospital.

11. Plaintiff, who was handcuffed and who wore ankle restraints, was loaded into the transport van by Defendants. He was not seat-belted or secured to the seat or to any other part of the van. In front of Plaintiff was a metal grating that served as a partition between him and the driver.

12. While in transit, Plaintiff alleges that the driver, Defendant Deputy Neallo, was driving at a high rate of speed. Suddenly, and without warning, the driver jammed on the breaks and stopped the van, causing Plaintiff to slam head-first against the metal grating. For a period of time, Plaintiff alleges that he lost consciousness. As a result, Plaintiff sustained injuries to his body, including without limitation his head, neck, back, and knee, as more fully set forth below.

13. After the above incident, Deputy Neallo checked on Plaintiff and, at that time, secured him with a seat belt.

14. The van continued to Moreno Valley Hospital where Plaintiff was examined and treated for his injuries, including stitching up Plaintiff's head injury. During his examination, Plaintiff overheard a discussion between Deputy Neallo and another deputy (believed to also be a Riverside County Sheriff's deputy). During that discussion, Plaintiff alleges that he heard Deputy Neallo advise the other deputy, "I did a break check!" Plaintiff alleges that he heard laughter from both deputies over this comment.

15. On the following day, February 8, 2020, Plaintiff was discharged and was returned to Smith Correctional.

16. For the next several months after his return to Smith Correctional, Plaintiff experienced an episode where he blacked out (lost consciousness) – something that he had never experienced for the above incident. Plaintiff was, eventually, released from Smith Correctional on or about May 5, 2020.

Complaint
Case No. 2:21-cv-00607

-4-

17.     Since Plaintiff's release, Plaintiff alleges that he has experienced continuing symptoms, including without limitation memory loss, dizziness, headaches, a lack of balance, as well as neck spasms and knee pain.

18.     Plaintiff alleges that the actions of Defendants, and each of them, caused him to suffer harm or disability.

19.     Plaintiff further alleges that the purpose of the governmental action, viz., the decision not to belt Plaintiff and the slamming of the breaks, was to punish the detainee (Plaintiff).

20.     Plaintiff alleges that Defendants' conduct caused him harm outside the inherent discomforts of confinement.

21.     Plaintiff further alleges that Defendants' conduct did not serve a legitimate governmental objective.

### *No Qualified Immunity*

22.     At the time of the above use of force, the contours of the law concerning a pretrial detainee, including without limitation the right of a pretrial detainee in custody and in transit to be free from punishment, were clearly established.

23.     Plaintiff alleges that, at the time of Defendants' actions, which conduct was either willfully or done with deliberate indifference to Plaintiff's rights, such conduct was not objectively reasonable, and a reasonable official in those circumstances would understand that what he/she was doing violated the law.

24.     As a direct and proximate result of Defendants' conduct, as alleged above, Plaintiff has suffered and continues to suffer physical injuries and special and general damages, including without limitation physical and emotional pain and suffering, mental anguish, and loss of enjoyment of life in an amount according to proof but not less than $1 million dollars.

25.     Plaintiff further alleges that Defendants are liable for punitive damages in an amount of proof, because of their malice or reckless disregard.

Complaint
Case No. 2:21-cv-00607

-5-

## SECOND CAUSE OF ACTION FOR DAMAGES FOR
## NEGLIGENCE

### (Against All Defendants -- Negligence)

26.     Plaintiff hereby adopts, incorporates, and reiterates all of the preceding allegations of this complaint.

27.     Plaintiff alleges that Defendants owed a duty to him and breached that duty.

28.     Defendants were negligent by taking the actions described above.

29.     Plaintiff was harmed as a result.

30.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered harm, as more fully described above, in an amount according to proof but not less than $1 million dollars.

31.     Defendants County of Riverside and Riverside County Sheriff's Department are liable for the above actions of their employees pursuant to California Government Code Section 815.2(a).

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For compensatory damages (both special and general damages) according to proof but not less than $1 million dollars;

2.     For pain and suffering (past and future), as well as mental anguish damages, in an amount according to proof;

3.     For past and future physical impairment in an amount according to proof;

4.     For punitive damages;

5.     For attorney's fees pursuant to 42 U.S.C. Section 1988;

6.     For prejudgment interest;

7.     For costs of suit incurred herein; and

Complaint
Case No. 2:21-cv-00607

-6-

8.    For such other and further relief as this court may deem just and proper.

DATED:  January 22, 2021      LAW OFFICES OF PHILIP J. KAPLAN

By /s/*Philip J. Kaplan*
        Philip J. Kaplan
        Attorney for Plaintiff
        BARRY HUNT

Complaint
Case No. 2:21-cv-00607

-7-

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial in this action pursuant to Federal Rules of Civil Procedure, Rules 38 and 81.

Dated:  January 22, 2021          LAW OFFICES OF PHILIP J. KAPLAN


                                 **/s/*Philip J. Kaplan***
                                 PHILIP J. KAPLAN
                                 Attorney for Plaintiff
                                 BARRY HUNT

Complaint
Case No. 2:21-cv-00607

-8-